CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 19 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ALAN CRUZEN,<br>Petitioner, | )<br>)<br>) | Civil Action No. 7:08-cv-00546 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Michael Alan Cruzen, a federal prisoner proceeding pro se, filed a "Judgment is Void motion" seeking a writ of coram nobis. Cruzen argues that a defect in the passage of the United States House of Representatives Resolution Number 3190 in 1948 means that the federal courts lack jurisdiction to enter criminal judgments. After initially screening the complaint, I find that the petition must be dismissed for lack of jurisdiction.

I.

Cruzen alleges that his federal conviction for which he is imprisoned should be voided because federal courts lack jurisdiction to hear federal criminal cases.[1] Cruzen argues that Congress did not properly pass legislation in 1948 to reauthorize Title 18 of the United States Code because the United States House of Representatives "concurred with the [Senate's] amendments. . . yet did not vote on the full, as-amended bill." (Pet. 16.) Therefore, Cruzen's criminal judgment is allegedly void because the federal court that entered his judgment did not have the lawful authority to adjudicate his case.

Cruzen recognizes that dozens of federal courts have dismissed an analogous argument

---

[1] Section 3231 of Title 18 of the United States Code states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

because petitioners across the country blindly copy each other's petitions.[2] Cruzen states that he is seeking relief under a writ of coram nobis, 28 U.S.C. § 1651; a writ of habeas corpus, 28 U.S.C. § 2241; and Federal Rule of Civil Procedure 60(b)(4).[3] Cruzen does not state what crimes he committed, where he was convicted, or how many times he sought habeas relief.[4]

II.

A writ of coram nobis, pursuant to 28 U.S.C. § 1651 ("All Writs Act"), can be used to vacate a conviction when there is a fundamental error resulting in conviction and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); see Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."); Pa. Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). Cruzen cannot receive a writ of coram nobis because he is still in federal custody and can seek relief by filing a petition for a writ of habeas corpus or a motion to vacate, set aside, or correct sentence under 28 U.S.C. §§ 2241 and 2255 respectively.

A petitioner must file his habeas petition, pursuant to 28 U.S.C. § 2241(a), with the

---

[2] In the memorandum, Cruzen states that the petitioner is "Bell" and handwritten corrections also say "Ball." Cruzen provided an amended copy where he scratches out Ball and Bell and writes "Cruzen." (Mem. 55; Additional Evidence (docket #3).)

[3] Seeking relief under Federal Rule of Civil Procedure 60 is improper because Cruzen seeks relief from a criminal judgment or order. See Fed. R. Civ. P. 1.

[4] A search of the Public Access to Court Electronic Records website (https://pacer.uspci.uscourts.gov/) only reveals that Michael Cruzen's records located in various federal district courts are unavailable.

federal district court in the district where the petitioner is incarcerated.[5] A petitioner must file his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255(e), with the federal court that pronounced the judgment or sentence being challenged. However, motions under § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an inadequate or ineffective remedy under § 2255 and proceed under § 2241, a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Cruzen does not merely challenge the execution of his sentence but disputes the lawful authority of his criminal judgment and sentence by arguing that the sentencing court did not have jurisdiction to enter his criminal judgment. However, Cruzen does not establish that § 2255 relief is inadequate or ineffective because he does not demonstrate any relevant change of law.

---

[5] Cruzen is currently incarcerated at the United States Penitentiary in Lee County, Virginia, located in the Western District of Virginia.

3

Therefore, Cruzen does not satisfy the In re Jones elements, and I construe petitioner's § 2241 habeas petition as a § 2255 motion collaterally attacking his judgment and sentence. However, I did not sentence Cruzen, and thus, I lack jurisdiction to consider his § 2255 motion. Therefore, Cruzen cannot proceed under § 2241, and I lack jurisdiction to consider any of his § 2255 motions. Accordingly, I dismiss Cruzen's petition for lack of jurisdiction.

III.

For the foregoing reasons, I dismiss Cruzen's petition for lack of jurisdiction.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 19th day of February, 2009.

*Jackson L. Kiser*
Senior United States District Judge